JOHN O. SAVAGE, PLAINTIFF IN ERROR, V. O. H. PELTON, DEFENDANT IN ERROR.

**Practice in Supreme Court.** When no question of law is presented in a petition in error, nor raised by the record, and there is sufficient evidence to sustain the verdict, the judgment of the trial court will be upheld.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*A. Hardy*, for plaintiff in error.

*R. S. Bibb*, for defendant in error.

COBB, CH. J.

This action was originally brought before a justice of the peace. The plaintiff in error here was also plaintiff before the justice. The plaintiff's cause of action consisted of a bill of particulars for goods, wares, and merchandise sold and delivered, interest on the same after six months, and certain items of work and labor, amounting in all to the sum of $95.52, for which plaintiff demanded judgment. The defendant denied the several items of the plaintiff's account, and presented a counter-claim, consisting of an account for goods, wares, and merchandise sold and delivered by him to the plaintiff, and work and labor by him performed for the plaintiff and at his request, and claimed a balance due him of two hundred dollars.

There was a trial and judgment by the justice, and the cause taken to the district court on appeal, where, on substantially the same pleadings there was a trial to a jury, a verdict and judgment for the defendant. And the cause is brought to this court on error. The sole error assigned is, that the verdict is not sustained by the evidence.

The evidence consisted of the testimony of the plaintiff in his own behalf, that of the defendant in his own, and that of one witness called by the plaintiff, whose testimony was confined to certain admissions alleged to have been made by the defendant, and which admissions were applicable to but one item of plaintiff's bill of particulars.

Upon an examination of the evidence it is quite apparent that had the jury believed all of the testimony of the defendant, and disbelieved all that of the plaintiff, they would have found a much larger verdict than they did. On the other hand, had they believed all of the plaintiff's testimony, and disbelieved that of the defendant, the finding would have been for the plaintiff. To say the least of it, there was evidence on both sides. The whole controversy was based upon questions of fact, and was fairly submitted to jury. Therefore, upon no principle recognized by courts of error can the verdict of the jury be disturbed.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.